In re **UNITED STATES BRASS CORPORATION, Debtor.**

**UNITED STATES BRASS CORPORATION, et al., Plaintiffs,**

v.

**AETNA CASUALTY & SURETY CO., et al., Defendants.**

Bankruptcy No. 94–40823.
Adv. No. 94–4081.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

Oct. 27, 1994.

Mark D. Plevin, Amy J. Mauser, Alexandre deGramont, Mark D. Taylor, Crowell & Moring, Washington, DC, for CIGNA Specialty Ins. Co.

Michael A. Rosenthal, Robert B. Krakow, Gibson, Dunn & Crutcher, Dallas, TX, for defendants Aetna Cas. & Sur. Co., Highlands Ins. Co., Employers Mut. Cas. Co., Granite State Ins. Co., Nat. Union Ins. Co. of Pittsburgh, PA, Intern. Ins. Co., The North River Ins. Co., Lexington Ins. Co., Royal Ins. Co. and Nat. Surety Corp.

Maryann C. Hayes, Mary E. Gootjes, Bates Meckler Bulger & Tilson, Chicago, IL, for defendants Aetna Cas. & Sur. Co. and Highlands Ins. Co.

Thomas B. Keegan, Robins, Kaplan, Miller & Ciresi, Chicago, IL, for defendant Employers Mut. Cas. Co.

Edward C. Purcell, Robert A. Chaney, Purcell & Wardrope, Chicago, IL, for defendants Granite State Ins. Co. and Nat. Union Ins. Co., of Pittsburgh, PA.

Jeffrey A. Goldwater, Matthew J. Fink, Bollinger, Ruberry & Garvey, Chicago, IL, for defendants Intern. Ins. Co. and North River Ins. Co.

John S. Roadhouse, Conklin & Roadhouse, Chicago, IL, for defendants Lexington Ins. Co. and Royal Ins. Co.

Jay V. Krafsur, Eric L. Routman, Rivkin, Radler & Kremer, Chicago, IL, for defendant Nat. Surety Corp.

W. Neil Rambin, David W. Parham, Ernest Leonard, Strasburger & Price, L.L.P., Dallas, TX, Mitchell Goldgehn, James A. Smith, Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL, for defendant Allstate Ins. Co., as Successor in Interest to Northbrook Excess & Surplus Ins. Co.

Judith Elkin, Haynes and Boone, L.L.P., Dallas, TX, Robert C. Johnson, Robert B. Millner, Gerald E. Fradin, Sonnenschein Nath & Rosenthal, Chicago, IL, for defendants The Travelers Indem. Co. of Ill., The Travelers Indem. Co., and Constitution State Ins. Co.

Allen Butler, Clark, West, Keller, Butler & Ellis, Dallas, TX, Robert E. Sweeney, Jr., Lord, Bissell & Brook, Chicago, IL, for defendant Zurich Intern. (Bermuda) Ltd.

David W. Parham, Strasburger & Price, L.L.P., Dallas, TX, for defendants Gibraltar Cas. Co., Prudential Reinsurance Co., Hartford Acc. & Indem. Co., Old Republic Ins. Co., and First State Ins. Co.

Peter M. Sfikas, Clay H. Phillips, Peterson & Ross, Chicago, IL, for defendants Gibraltar Cas. Co. and Prudential Reinsurance Co.

Jose A. Isasi, II, Rooks, Pitts & Poust, Chicago, IL, for defendants Hartford Acc. & Indem. Co., Old Republic Ins. Co., and First State Ins. Co.

Roswald Shrull, Shrull & Associates, Fort Worth, TX, Lawrence E. Carr, Jr., Bridget L. Kyle, Carr, Goodson & Lee, Washington, DC, for defendant Harbor Ins. Co.

Jerry L. Beane, Strasburger & Price, L.L.P., Dallas, TX, John L. Hayob, Julie J. Gibson, Niewald, Waldeck & Brown, Kansas City, MO, for defendant Stonewall Ins. Co.

James E. Davis, Cozen & O'Connor, Dallas, TX, for defendant Federal Ins. Co.

Patrick Kelley, Ireland, Carroll & Kelley, P.C., Tyler, TX, for debtor.

**1008**

## *OPINION*

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration Certain Defendants' Motion to Dismiss and Abstain from Hearing Plaintiffs' Adversary Proceeding, Certain Defendants' Motion for Determination that Adversary Proceeding is Non–Core, Certain Defendants' Motion to Dismiss Plaintiffs' Adversary Proceeding Pending the Resolution of Earlier–Filed Related Litigation in U.S. District Court, and Certain Defendants' Motion to Stay Plaintiffs' Adversary Proceeding Pending the Resolution of Earlier–Filed Related Litigation in U.S. District Court. These various motions were consolidated for the purposes of hearing and this opinion because they involved the same fact situation. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiffs have been exposed to tremendous liability as a result of their participation in the manufacture and installation of polybutylene plumbing. Defendants are Plaintiffs' liability insurance carriers. There has been substantial dispute over the extent of coverage available to Plaintiffs under various insurance policies.

Consequently, Plaintiffs filed six separate suits in state court in Illinois ("State Suits") against Defendants seeking a declaratory judgment as to Defendants' duty to indemnify and defend Plaintiffs. Upon U.S. Brass filing their Chapter 11 petition in this Court, Plaintiffs removed the State Suits to the Bankruptcy Court for the Northern District of Illinois. The removed actions are currently pending in that court, where the court is considering motions to remand and motions to transfer to the Eastern District of Texas.

Plaintiffs later filed this adversary proceeding (the "Adversary") against Defendants seeking a declaratory judgment as to Defendants' duty to indemnify and Defend. The parties do not dispute that this Adversary Proceeding involves the same issues and the same parties as the removed actions now pending in the Bankruptcy Court for the Northern District of Illinois.

## *DISCUSSION*

■ The Court was presented with an abundance of evidence and discussion at the hearing and in briefs subsequent to the hearing on whether this action should be heard in Illinois state court. However, that issue is not properly before this Court. The removed actions are currently pending in the Bankruptcy Court for the Northern District of Illinois, not in this Court. Regardless of what this Court might determine as to the propriety of hearing the removed actions in Bankruptcy Court or remanding them to state court, it has no means of implementing a decision either way.

■ The only options available to this Court are to proceed with this Adversary in a proceeding that parallels the earlier filed State Suits now pending in Bankruptcy Court in the Northern District of Illinois or to Dismiss this Adversary. It is well settled in the Fifth Circuit that where a substantial overlap exists between an earlier-filed lawsuit and a later one, the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730–31 (5th Cir.1985).

In the event the actions pending in the Northern District of Illinois are ever transferred to this district, then this Court will have no choice but to consider and rule on the issues of jurisdiction, remand, and abstention so ably argued by the parties. However, the removed State Suits are now pending in the Northern District of Illinois and this Court must refuse to proceed with a parallel action.

Having reached this decision, it is not necessary for the Court to Determine the other issues presented. It is therefore

ORDERED that the Adversary is hereby DISMISSED.